UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------

BRIAN COLEMAN ,                                           Index No.:18CV11819

                                    Plaintiff(s)

                    -against-                             ANSWER WITH CROSS-
                                                          CLAIMS
THE CITY OF NEW YORK, DOLLAR TREE STORE 4925,
DOLLAR TREE STORES, INC., DOLLAR TREE STORE
MANAGEMENT INC., NEW YORK CITY POLICE
OFFICERS: JOHANNY BEISSEL SHIELD 7587, AND
OFFICERS JOHN AND JANE DOE #S 1 -10, THE NAMES
BEING FICTITIOUS AND PRESENTLY UNKNOWN, IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS
EMPLOYEES OF THE CITY OF NEW YORK POLICE
DEPARTMENT, DOLLAR TREE STORE 4925 AND/OR
DOLLAR TREE STORES, INC. AND/OR DOLLAR TREE
STORE MANAGEMENT EMPLOYEES: ALEXANDER
ETSEYOTSE AND SECURITY GUARDS JOHN AND JANE
DOE #S 1 -10, THE NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES AS EMPLOYEES OF DOLLAR
TREE STORE 4925 AND/OR DOLLAR TREE STORES, INC.
AND/OR DOLLAR TREE STORE MANAGEMENT,

                                                    Defendant(s)
--------------------------------------------------------------------------------

S I R S:

        Defendants DOLLAR TREE STORES, INC. also incorrectly sued herein as DOLLAR

TREE STORE MANAGEMENT INC. and ALEXANDER ETSEYOTSE, by and through their

attorneys, Mintzer Sarowitz Zeris Ledva & Meyers, LLP, as and for their Answer to the

Complaint herein, respectfully aver as follows, upon information and belief:

                        NATURE OF THE CASE/PRELIMINARY STATEMENT

        1.       Deny knowledge or information sufficient to form a belief as to the allegations

contained in the paragraphs of the complaint designated as 1 and 2 and refer all questions of law

to the Court.

## JURISDICTION

2.      Deny the allegations contained in the paragraph of the complaint designated as 3, refer all questions of law to the Court and consent to the jurisdiction of this honorable Court.

## VENUE

3.      Deny the allegations contained in the paragraph of the complaint designated as 4, refer all questions of law to the Court and consent to venue in this District.

## PARTIES

4.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated as 5, 7 and 8,

5.      Deny each and every allegation contained in the paragraphs of the complaint designated as 9, 10, 11, and 12.

6.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraph of the complaint designated as 13 and refer all questions of law to the Court.

## FACTUAL ALLEGATIONS

7.      Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated as 14, 21,

8.      Deny each and every allegation contained in the paragraphs of the complaint designated as 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29.

## FIRST CAUSE OF ACTION

9.      Answering paragraph 30 of the complaint, repeats, reiterates and realleges each and every response to the paragraphs of the complaint designated as 1 through 29 inclusive with the same force and effect as if set forth herein at length.

10.     Deny the allegations contained in the paragraphs of the complaint designated as 31, 32 and 33 and refer all questions of law to the Court.

## SECOND CAUSE OF ACTION

11.     Answering paragraph 34 of the complaint, repeats, reiterates and realleges each and every response to the paragraphs of the complaint designated as 1 through 33 inclusive with the same force and effect as if set forth herein at length.

12.     Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint designated as 35, 36, 37, 38, 39, 40 and 41 and refer all questions of law to the Court.

13.     Deny the allegations contained in the paragraph of the complaint designated as 42 and refer all questions of law to the Court.

## THIRD CAUSE OF ACTION

14.     Answering paragraph 43 of the complaint, repeats, reiterates and realleges each and every response to the paragraphs of the complaint designated as 1 through 42 inclusive with the same force and effect as if set forth herein at length.

15.     Deny the allegations contained in the paragraphs of the complaint designated as 44, 45 and 46 and refer all questions of law to the Court.

## FOURTH CAUSE OF ACTION

14.     Answering paragraph 47 of the complaint, repeats, reiterates and realleges each and every response to the paragraphs of the complaint designated as 1 through 46 inclusive with the same force and effect as if set forth herein at length.

15.     Deny the allegations contained in the paragraphs of the complaint designated as 48, 49 and 50 and refer all questions of law to the Court.

## FIFTH CAUSE OF ACTION

14.     Answering paragraph 51 of the complaint, repeats, reiterates and realleges each and every response to the paragraphs of the complaint designated as 1 through 50 inclusive with the same force and effect as if set forth herein at length.

15.     Deny the allegations contained in the paragraph of the complaint designated as 53.

16.     Deny the allegations contained in the paragraphs of the complaint designated as 52 and 54 and refer all questions of law to the Court.

## SIXTH CAUSE OF ACTION

17.     Answering paragraph 55 of the complaint, repeats, reiterates and realleges each and every response to the paragraphs of the complaint designated as 1 through 54 inclusive with the same force and effect as if set forth herein at length.

18.     Deny the allegations contained in the paragraphs of the complaint designated as 56, 57, 58 and 59 and refer all questions of law to the Court.

## SEVENTH CAUSE OF ACTION

19.     Answering paragraph 60 of the complaint, repeats, reiterates and realleges each and every response to the paragraphs of the complaint designated as 1 through 59 inclusive with the same force and effect as if set forth herein at length.

20.     Deny the allegations contained in the paragraphs of the complaint designated as 61, 62, 64, 65 and 66.

21.     Deny the allegations contained in the paragraphs of the complaint designated as 63 and 67 and refer all questions of law to the Court.

<u>EIGHTH CAUSE OF ACTION</u>

22.    Answering paragraph 68 of the complaint, repeats, reiterates and realleges each
and every response to the paragraphs of the complaint designated as 1 through 67 inclusive with
the same force and effect as if set forth herein at length.

23.    Deny the allegations contained in the paragraphs of the complaint designated as
69 and 71.

24.    Deny the allegations contained in the paragraph of the complaint designated as 70
and refer all questions of law to the Court.

<u>NINTH CAUSE OF ACTION</u>

25.    Answering paragraph 72 of the complaint, repeats, reiterates and realleges each
and every response to the paragraphs of the complaint designated as 1 through 71 inclusive with
the same force and effect as if set forth herein at length.

26.    Deny the allegations contained in the paragraph of the complaint designated as 73.

<u>TENTH CAUSE OF ACTION</u>
(INCORRECTLY DENOMINATED SIXTH CAUSE OF ACTION)

27.    Answering paragraph 74 of the complaint, repeats, reiterates and realleges each
and every response to the paragraphs of the complaint designated as 1 through 73 inclusive with
the same force and effect as if set forth herein at length.

28.    Deny the allegations contained in the paragraphs of the complaint designated as
75, 76, 77, 78 and 79 and refer all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.     That the injuries and/or damages allegedly sustained by the Plaintiff were caused, in whole or in part, by the negligence, carelessness, recklessness, comparative negligence and/or other culpable conduct on the part of the Plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.     If any damages are recoverable against the Answering Defendants, the amount of such damages shall be reduced by the amount of benefits which Plaintiff has or will receive from collateral sources pursuant to the provisions of Civil Practice Law and Rules §4545(c) for any past, present or future cost or expense incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or any and all other economic loss that was or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by collateral sources.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.     That Plaintiff was aware of the activity in which she was involved and assumed the risks thereof.  The action is barred by plaintiff's implied assumption of risk for the activity plaintiff was doing at the time of the occurrence in that said risks and dangers were open, obvious and apparent and known to the plaintiff.

## AS AND FOR A FORTH AFFIRMATIVE DEFENSE

32.     The Answering Defendants allege that Plaintiff's alleged injuries and damages were solely and proximately caused by the intervening negligence, carelessness, gross negligence, willfulness, wantonness, recklessness, and/or intentional conduct of an independent third party.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.     That the Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.     The answering defendants allege that plaintiff's alleged injuries and damages were solely and proximately caused by the intervening negligence, carelessness, gross negligence, willfulness, wantonness, recklessness, and/or intentional conduct of an independent third party.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.     Plaintiff's claims against the answering defendants are barred by expiration of the applicable Statute of Limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36.     This case is subject to dismissal under New York's General Business Law Sec. 318.

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AGAINST CO-DEFENDANTS THE CITY OF NEW YORK AND JOHANNY BEISSEL, ANSWERING DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF:

36.     That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any act or omission other than the plaintiff's own, such damages were sustained in whole or in part by reason of the carelessness, recklessness, negligence and/or negligent or intentional acts of omission or commission by the co-defendant named above, their agents, servants and/or employees.

37.     Further, if plaintiff should recover judgment against the answering defendants, then the co-defendants shall be liable to the answering defendants on the basis of apportionment

of responsibility for the alleged occurrence and the answering defendants is entitled to

contribution from and judgment over and against the co-defendants for all or part of any verdict

or judgment which plaintiff may recover in such amounts as a Jury or Court may direct.

## JURY DEMAND

38.     Answering defendants demand trial by a jury of six (6) persons.

**WHEREFORE**, answering defendants demand judgment dismissing the complaint of the

plaintiff herein and Judgement on their cross-claims, together with the costs and disbursements

of this action.

Dated:  New York, New York
          February 28, 2019

                         Yours, etc.


                         _____
                         BRADLEY J. LEVIEN (BL-0503)
                         MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS
                         Attorney for Defendants DOLLAR TREE STORES, INC.
                         and Alexander Etseyotse
                         39 Broadway, Suite 950
                         New York, NY 10006
                         (212) 968-8300
                         File # 007066.000017


TO:   Gregory Zenon, Esq.
        THE LAW OFFICE OF GREGORY ZENON
        Attorney for Plaintiff
        30 Wall Street, 8th Floor
        New York, New York 10005