UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------

BRIAN COLEMAN ,

                                Plaintiff(s)    Docket No.:
                                                    1:18-cv-11819-RA

                    -against-

THE CITY OF NEW YORK, DOLLAR TREE STORE 4925,
DOLLAR TREE STORES, INC., DOLLAR TREE STORE
MANAGEMENT INC., NEW YORK CITY POLICE
OFFICERS: JOHANNY BEISSEL SHIELD 7587, AND
OFFICERS JOHN AND JANE DOE #S 1 -10, THE NAMES
BEING FICTITIOUS AND PRESENTLY UNKNOWN, IN
THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS
EMPLOYEES OF THE CITY OF NEW YORK POLICE
DEPARTMENT, DOLLAR TREE STORE 4925 AND/OR
DOLLAR TREE STORES, INC. AND/OR DOLLAR TREE
STORE MANAGEMENT EMPLOYEES: ALEXANDER
ETSEYOTSE AND SECURITY GUARDS JOHN AND JANE
DOE #S 1 -10, THE NAMES BEING FICTITIOUS AND
PRESENTLY UNKNOWN, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES AS EMPLOYEES OF DOLLAR
TREE STORE 4925 AND/OR DOLLAR TREE STORES, INC.
AND/OR DOLLAR TREE STORE MANAGEMENT,

                                                        Defendant(s)
---------------------------------------------------------------------------------

<u>MEMORANDUM OF LAW IN SUPPORT OF MOVING
DEFENDANTS MOTION PURSUANT TO FRCP RULE 12(c) TO DISMISS THE
COMPLAINT</u>

                                                MINTZER, SAROWITZ, ZERIS LEDVA &
                                                MEYERS, LLP
                                                *Attorney for Defendants*
                                                Defendant Dollar Tree Store, Inc. i/s/h/a
                                                Dollar Tree Store Management Inc. and
                                                Alexander Etseyotse
                                                39 Broadway, Suite 950
                                                New York, NY 10006
                                                (212) 968-8300

Dated:  New York, New York
        April 12, 2019

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT.................................................................................................... 1

STATEMENT OF THE RELEVANT FACTS AND PROCEDURAL HISTORY ....................... 1

LEGAL STANDARD.................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

    A. Plaintiff's First Cause of Action for False Arrest and Illegal Imprisonment is Time Barred and Cannot be Maintained Against the Dollar Tree Defendants............................. 3

    B. Plaintiff's Third, Fourth, Fifth and Ninth Cause Of Actions for 4th Amendment and 14th Amendment Violations, Due Process-Excessive Force, Cruel and Unusual Punishment Should Be Dismissed Against Dollar Tree Defendants. ................................ 4

    C. Plaintiff's Sixth Cause of Action for Malicious Prosecution Should Be Dismissed Against the Dollar Tree Defendants..................................................................................... 5

    D. Plaintiff's Second, Seventh and Eight Causes Of Action for Municipal Liability and Negligent Hiring, Training and Supervision, Due Process Violations Related to the Conditions of Plaintiff's Confinement in the Police Precinct and/or the Tightness of the Handcuffs Used To Arrest Plaintiff and Denial of a Fair Trial Should Be Dismissed Against Dollar Tree Defendants. .................................................................... 5

    E. Plaintiff's Sixth Cause Of Action for Conspiracy Should Be Dismissed Against Dollar Tree Defendants................................................................................................... 6

CONCLUSION .............................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Cases**

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) .................................................................................................... 2

*Ciambriello v. Cty. of Nassau*,
   292 F.3d 307, 323 (2d Cir. 2002) ................................................................................ 4

*Cooper v. U.S. Postal Serv.*,
   577 F.3d 479 (2d Cir. 2009) ........................................................................................ 4

*First Nationwide Bank v. Gelt Funding Corp.*,
   27 F.3d 763 (2d Cir. 1994) .......................................................................................... 2

*Gagliardi v. Vill. of Pawling*,
   18 F.3d 188 (2d Cir. 1994) .......................................................................................... 7

*Ginsberg v. Healey Car & Truck Leasing, Inc.*,
   189 F.3d 268 (2d Cir. 1999) ........................................................................................ 4

*Guiducci v. Kohl's Dep't Stores*,
   320 F. Supp. 2d 35 (E.D.N.Y. 2004) ........................................................................... 4

*Johnson v. Rowley*,
   569 F.3d 40 (2d Cir. 2009) .......................................................................................... 2

*Kingsley v. Hendrickson*,
   135 S. Ct. 2466 (2015) ................................................................................................ 4

*L-7 Designs, Inc. v. Old Navy, LLC*,
   647 F.3d 419 (2d Cir. 2011) ........................................................................................ 3

*Minneci v. Pollard*,
   565 U.S. 118 (2012) .................................................................................................... 5

*Posr v. Doherty*,
   944 F.2d 91 (2d Cir. 1991) .......................................................................................... 3

*Rohman v. New York City Transit Auth. (NYCTA)*,
   215 F.3d 208 (2d Cir. 2000) ........................................................................................ 5

*Singer v. Fulton Cty. Sheriff*,
   63 F.3d 110 (2d Cir. 1995) .......................................................................................... 5

*United States v. Jacobsen*,

466 U.S. 109 (1984) .................................................................................................. 4

**Statutes**

42 USC § 1983 ................................................................................................... 3, 4, 5

42 USC § 1985 .......................................................................................................... 2

**Rules**

CPLR § 215(3) ....................................................................................................... 3, 5

FRCP Rule 12(b)(6) .................................................................................................. 2

FRCP Rule 12(c) ....................................................................................................... 2

**Constitutional Provisions**

14th Amendment ....................................................................................................... 4

4th amendment .......................................................................................................... 4

6th Amendment ......................................................................................................... 6

8th Amendment ......................................................................................................... 5

**PRELIMINARY STATEMENT**

On January 02, 2019 Plaintiff Brian Coleman ("Plaintiff" or "Coleman"), filed the Complaint, CM/ECF Doc. No. ("ECF Doc.") 6, ("Complaint") in this action against numerous entities and individuals including Defendant Dollar Tree Store, Inc. i/s/h/a Dollar Tree Store Management Inc. ("Dollar Tree") and Defendant Alexander Etseyotse ("Etseyotse" collectively "Dollar Tree Defendants" and "Moving Defendants") who allegedly was an employee of Dollar Tree.  On March 04, 2019 Dollar Tree Defendants timely filed their answer.

Dollar Tree Defendants respectfully submits this memorandum of law in support of a motion pursuant to FRCP Rule(c) to dismiss the Complaint against the Dollar Tree Defendants. The statute of limitations has passed for any state law claims.  Plaintiff's § 1983 claims are not sustainable as the Dollar Tree Defendants are not state actors and were not operating under the color of law when they committed the wrong doing alleged in the Complaint.  As such, the Complaint should be dismissed against the Dollar Tree Defendants.

**STATEMENT OF THE RELEVANT FACTS AND PROCEDURAL HISTORY**

According to the Complaint, on December 18, 2015 Plaintiff entered a Dollar Tree store with his partner and two granddaughters.  While in the store, Dollar Tree security guards, including Defendant Etseyotse, approached Plaintiff and accused him of shoplifting.  The security guards then separated Plaintiff from his family and detained him inside a security office while contacting police.

After the police arrived, Defendants detained Plaintiff's entire family[1], took them to a "back room" and confiscated Plaintiff's shopping bags.  Plaintiff was then arrested and embarrassed in front of his family due to Defendants rifling through his bags, removing items

---

[1] Plaintiff's family members are not parties to this lawsuit.

purchased in other stores and stealing or confiscating said items.  Plaintiff was further embarrassed since his family observed him being handcuffed with "unnecessary tightness" and escorted from the store into a police car.

At the police precinct, police officers confiscated and/or stole some of Plaintiff's personal items.  Plaintiff was held in the police precinct for "over 24 hours" and was denied food, drink and a phone call.  Plaintiff also suffered various personal injures and was denied medical care.

Plaintiff was then required to appear in court on six occasions.  As a result of this incident, Plaintiff suffered numerous mental illnesses.

On January 02, 2019 Plaintiff—through his attorney—filed the Complaint$^2$ in this action. The Complaint alleges ten$^3$ causes of action including: 1) False Arrest and Illegal Imprisonment 2) Municipal Liability and Negligent Hiring, Training and Supervision 3) 4th Amendment 4) 14th Amendment 5)Due Process Violation—Excessive Force 6)Malicious Prosecution 7) Due Process Violations-Conditions of Confinement/Deliberate Indifference to Medical Needs 8) Denial of Fair Trail 9)Cruel and Unusual Punishment 10) Conspiracy under 42 USC § 1985.

## LEGAL STANDARD

FRCP Rule 12(c) motions are governed by the same standard as FRCP Rule 12(b)(6). *See Johnson v. Rowley*, 569 F.3d 40 (2d Cir. 2009).  Thus, although the factual allegations of the Complaint must be deemed true, the Complaint must "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "[C]onclusions of law or unwarranted deductions of fact are not admitted." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994).  The court may review "the complaint, the answer, any written

---

$^2$ Plaintiff appears to have filed a Complaint on December 17, 2018 and an Amended Complaint on December 18, 2018.  It appears that the clerk rejected Plaintiff's Amended Complaint.  The last filed Complaint by Plaintiff is the January 2, 2019 Complaint.

documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

## ARGUMENT

Plaintiff's state law claims are time barred by the statute of limitations. Plaintiff's § 1983 claims are inapplicable as Dollar Tree Defendants are not state actors and did not operate under the color of law. Plaintiff's remaining causes of actions do not apply to private entities and/or are not against the Dollar Tree Defendants. Therefore, the Complaint should be dismissed against the Dollar Tree Defendants.

### A. Plaintiff's First Cause of Action for False Arrest and Illegal Imprisonment[4] is Time Barred and Cannot be Maintained Against the Dollar Tree Defendants.

New York States' CPLR § 215(3) provides a one year statue of limitations for "assault, battery, false imprisonment, malicious prosecution, libel, slander [and] false words causing special damages." The Complaint alleges that Dollar Tree falsely arrested Plaintiff on or about December 18, 2015. However, the original Complaint was not filed until December 17, 2018. As such, any state law claim of False Arrest/Illegal Imprisonment are time barred.

Likewise Plaintiff's §1983 claim due to an alleged false arrest cannot be maintained against the Dollar Tree Defendants. 42 USC § 1983 states that a civil suit may be brought against someone who operates "under color of any statute, ordinance, regulation, custom, or usage, of any State . . .." *See* 42 USC § 1983. Store owners and security guards who inform

---

[3] The Complaint alleges nine causes of action but contains two "sixth cause of action."
[4] "In New York, the tort of false arrest is synonymous with that of false imprisonment." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991).

3

government officials about shoplifters are not liable under § 1983 for false arrest related claims unless they were acting under the color of law. *See e.g. Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 36 (E.D.N.Y. 2004) *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law."). Simply reporting information to law enforcement officials does not constitute acting under the color of law. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999). Here, there are no allegations that Dollar Tree Defendants were acting under the direction of law enforcement or the color of law. A such, Plaintiff failed to establish a § 1983 claim against the Dollar Tree Defendants and Plaintiff's first cause of action for False Arrest should be dismissed.

> **B.     Plaintiff's Third, Fourth, Fifth and Ninth Cause Of Actions for 4th Amendment and 14th Amendment Violations, Due Process-Excessive Force, Cruel and Unusual Punishment Should Be Dismissed Against Dollar Tree Defendants.**

Similar to Plaintiff's § 1983 claims for false arrest, a 4th amendment claim does not apply to private actors unless they are operating under the color of law. *See Guiducci v. Kohl's Dep't Stores*, 320 F. Supp. 2d 35, 38 (E.D.N.Y. 2004); *United States v. Jacobsen*, 466 U.S. 109 (1984). The same is true for Plaintiff's 14th Amendment claims and allegations of due process violations due to excessive force. *Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (The "Fourteenth Amendment . . . do not apply to private parties unless those parties are engaged in activity deemed to be state action.") (Internal citation Omitted); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015)(Interpreting a "due process" claim of excessive force as a due process claim under the 14th Amendment.).

Likewise, Plaintiff's 8th Amendment allegation of cruel and unusual punishment does not apply to private citizens who are not operating under the authority of a government. See *Minneci v. Pollard*, 565 U.S. 118 (2012).

### C. Plaintiff's Sixth[5] Cause of Action for Malicious Prosecution Should Be Dismissed Against the Dollar Tree Defendants.

New York State's CPLR § 215(3) provides a one year statue of limitations for Malicious Prosecution causes of action. Therefore, any state law claim of Malicious Prosecution is time barred.

Likewise, Plaintiff's § 1983[6] claim of Malicious Prosecution should be dismissed. A § 1983 Malicious Prosecution claim is not a substantive complaint by itself and is really part of a 4th Amendment claim which requires state action or operating under the color of law. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995)("Once a plaintiff presents a claim of malicious prosecution under § 1983, the court must . . . [determine] whether the plaintiff's injuries were caused by the deprivation of liberty guaranteed by the Fourth Amendment."). In addition, Dollar Tree Defendants did not initiate any Malicious Prosecution. *See Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 215 (2d Cir. 2000) (It is "well settled that in order for an individual to initiate a prosecution for these [§1983 Malicious Prosecution] purposes, the mere reporting of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.")(Internal citations omitted).

### D. Plaintiff's Second, Seventh and Eight Causes Of Action

---

[5] The Complaint has two "sixth cause of action." This paragraph address the claim of malicious prosecution.

[6] Plaintiff's § 1985 claim for malicious prosecution is address together the remainder of Plaintiff's § 1985 claims.

**for Municipal Liability and Negligent Hiring, Training and Supervision, Due Process Violations Related to the Conditions of Plaintiff's Confinement in the Police Precinct and/or the Tightness of the Handcuffs Used To Arrest Plaintiff and Denial of a Fair Trial Should Be Dismissed Against Dollar Tree Defendants.**

Plaintiff's second cause of action—except for paragraph 40—relates to the City of New York and not Dollar Tree Defendants. Paragraph 40 simply repeats allegations contained elsewhere in the Complaint and are address above. Therefore, Plaintiff's second cause of action should be dismissed against the Dollar Tree Defendants

Similarly, Plaintiff's' seventh cause of action relates to Plaintiff being denied care and suffering personal injuries while under the care and/or the control of Defendant City of New York.

Plaintiff's eight cause of action alleges violations of the 6th Amendment and Plaintiff's right to a fair trial. However, the only factual allegations supporting Plaintiff's claim is that he was required to appear in court on six occasions. These facts do not support a cause of action for the denial of a fair trial against Moving Defendants. Nor do these facts support the legal conclusion that Plaintiff can bring a 6th Amendment action against a private entity such as the Dollar Tree Defendants. Therefore, second, seventh and eight causes of action should be dismissed.

### E.   Plaintiff's Sixth[7] Cause Of Action for Conspiracy Should Be Dismissed Against Dollar Tree Defendants.

Plaintiff alleges a conspiracy under 42 USC § 1985. However, to maintain a § 1985 claim, a plaintiff must alleges a racial or class-based discriminatory intent. *See Gagliardi v. Vill.*

---

[7] The Complaint has two "sixth cause of action." This paragraph address the claim of conspiracy.

6

*of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994).  The Complaint does not allege any facts—other than bare conclusory facts—of any race or class based discrimination.  Plaintiff's arrest was clearly due to the belief that he was shoplifting.  Therefore, Plaintiff's § 1985 claim should be dismissed.

## **CONCLUSION**

Based on the foregoing reasons and authority, Dollar Tree Defendants respectfully request that their Motion pursuant to FRCP 12(c) be granted in its entirety and the Court grant such other and further relief as is just and proper.

Dated:  April 12, 2019
       New York, New York

                                              Respectfully submitted,
                                              MINTZER SAROWITZ
                                              ZERIS LEDVA & MEYERS
                                              L.L.P.

                                              _/s/ Allen Kohn_
                                              Allen Kohn (AK1622)
                                              39 Broadway, Suite 950
                                              New York, New York 10006
                                              (516) 939-9200
                                              akohn@defensecounsel.com