UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------X
Brian Coleman,
                Plaintiff,
        -against-

The City of New York, Dollar Tree Store 4925, Dollar Tree Stores, Inc.,
Dollar Tree Store Management Inc., New York City Police Officers: Johanny
Beissel Shield 7587, and Officers John and Jane Doe #s 1 -10, the names being
fictitious and presently unknown, in their individual and official capacities as
employees of the City of New York Police Department, Dollar
Tree Store 4925 and/or Dollar Tree Stores, Inc. and/or Dollar Tree Store
Management Employees: Alexander Etseyotse and Security Guards John and
Jane Doe #s 1 -10, the names being fictitious and presently unknown, in their
individual and official capacities as employees of Dollar Tree Store 4925
and/or Dollar Tree Stores, Inc. and/or Dollar Tree Store Management,
                Defendants.
------------------------------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

**18-CV-11819 (RA)**

      Plaintiff by his attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1988, the Fourth, Fifth, Eighth, Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York; New York City Police Department; Dollar Tree Store 4925; Dollar Tree Stores, Inc.; Dollar Tree Store Management Inc; NYPD Police Officers Johanny Beissel and Officers J. Doe # 1-10, police officers of the City of New York, in their individual and official capacities; and Alexander Etseyotse and Security Guards J. Doe # 1 -10, the names being fictitious and presently unknown, in their individual and official capacities as employees of Dollar Tree Store 4925 , and/or Dollar Tree Stores, Inc. and/or Dollar Tree Store Management.

2.    Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

3.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff' federal claims.

## VENUE

4. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in New York County, New York, within the confines of the Southern District of New York.

**PARTIES**

5. Plaintiff at all times relevant hereto resided in the City and State of New York.

6. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7. The New York City Police Department was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

8. That at all times hereinafter mentioned, and on information and belief, defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

9. That at all times hereinafter mentioned, and on information and belief, defendants Dollar Tree Store 4925, Dollar Tree Stores, Inc., and Dollar Tree Store Management Inc., are domestic and/or foreign entities, businesses, companies and/or corporations existing by and under and/or operating under the laws of the State of New York, and employers, supervisors, managers, staffing agents/providers of defendants Alexander Etseyotse and Security Guards John and Jane Doe #s 1-10, the names being fictitious and presently unknown.

10. That at all times hereinafter mentioned, and on information and belief, defendant Alexander Etseyotse and Security Guards J. Doe # 1-10, were at all times relevant hereto, employees of defendant Dollar Tree Store 4925, and/or Dollar Tree Stores, Inc. and/or Dollar Tree Store Management as security guards employed by Dollar Tree Store 4925, and/or Dollar Tree Stores, Inc. and/or Dollar Tree Store Management with the authority to make arrests and otherwise act as agents of law enforcement within the state and city of New York.

11.     At all times mentioned herein, all defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

12.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as security guards and police officers.

13.     That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14.     At the time of the incident Brian Coleman was a 47 year-old retiree, living with his partner. He has adult children and grandchildren.

15.     On the afternoon of 18 December 2015 Mr. Coleman had been Christmas shopping with his partner and two granddaughters (who were five and ten at the time) at several Harlem stores before entering Dollar Tree Store 4925 store located at 280 St. Nicholas Ave, New York, NY with shopping bags from other stores containing his purchases.

16.     Mr. Coleman and his family shopped in the aisles and picked up some merchandise including dolls, crackers, and candy and proceeded to the checkout line. Mr. Coleman then left his family in the line and walked back to the aisles to pick up wrapping paper.

17.     While shopping for wrapping paper, Mr. Coleman was approached by defendant security guards including Defendant Etseyotse ("Dollar Tree Defendants"). As stated above in paragraphs nine through twelve and throughout, and as described herein below, for all actions relevant to this matter and described

3

herein, Dollar Tree Defendants were acting in their official capacity as state actors under color of the laws, statutes, ordinances, regulations, customs, and/or or usages of New York State.

18. Dollar Tree Defendants then exercised their status as state actors to accuse Mr. Coleman of shoplifting, put their hands on him, physically detain him, and arrest and force him to accompany them to a security office inside the store. Dollar Tree Defendants then detained Mr. Coleman while they called the police.

19. Police then arrived including Defendant Beissel and other defendant police officers ("Police Defendants") who spoke with Mr. Coleman and Dollar Tree Defendants. Mr. Coleman witnessed the exchange. Police Defendants asked Dollar Tree Defendants for the reason for the call. Dollar Tree Defendants said Mr. Coleman had shoplifted. Police Defendants then searched Mr. Coleman and found neither contraband nor any merchandise on him, and asked Mr. Coleman what he shoplifted. Mr. Coleman said he had not shoplifted. He explained that he, his partner and his grandchildren were in the checkout line, that he had left them there and went back to the aisles for wrapping paper, and at that time he was apprehended and detained by Dollar Tree Defendants. Police Defendants then asked if Mr. Coleman had family still inside the store. Mr. Coleman said yes.

20. Police Defendants and Dollar Tree Defendants then spoke together and acted in concert and worked and conspired together to approach, detain, and escort Mr. Coleman's family, who were still inside the store with Mr. Coleman's shopping bags, into the security office where Mr. Coleman was being held.

21. Dollar Tree Defendants then repeated their accusations that Mr. Coleman had shoplifted from the store. Dollar Tree Defendants then took Mr. Coleman's shopping bags, containing items he had purchased from other stores, from his family. When Defendant Police asked Dollar Tree Defendants what had been stolen, Dollar Tree Defendants refused to name any specific merchandise, but instead proceeded to confiscate and steal Mr. Coleman's shopping bags with his purchases from other stores, one of which was

4

from and labeled Jimmy Jazz. The items that Dollar Tree Defendants stole from Mr. Coleman included clothes, sweat suits, Timberland boots, and sneakers.

22. Mr. Coleman then witnessed the following exchanges between Police Defendants and Dollar Tree Defendants. Police Defendants asked Dollar Tree Defendants to explain how Mr. Coleman had committed a theft, taking into account that neither he nor his family had ever left the store, plus that his family had been in the checkout line to pay for the items from Dollar Tree. Police Defendants stated that it would be difficult to justify an arrest or bring Mr. Coleman before a judge. Dollar Tree Defendants responded by repeating their accusations that Mr. Coleman was a shoplifter; they stated that they had called for the police to arrest Mr. Coleman, and they demanded that Police Defendants carry out the arrest regardless of the lack of evidence.

23. Mr. Coleman then witnessed the following: Police Defendants instructed Dollar Tree Defendants to show them the video surveillance of Mr. Coleman's activity in the store, after which Police Defendants informed Dollar Tree Defendants that the video contradicted Dollar Tree Defendants' allegations that Mr. Coleman had committed any wrongdoing. Dollar Tree Defendants ignored this lack of proof and again stated that they had called for the police to arrest Mr. Coleman, and again demanded that Police Defendants carry out the arrest regardless of the lack of evidence.

24. Mr. Coleman then witnessed Police Defendants and Dollar Tree Defendants speaking together. Although he could not hear the entire conversation, he heard Dollar Tree Defendants instructing Police Defendants that because they had called the police they needed Mr. Coleman arrested and taken to the police department.

25. Acting in concert and conspiring together, Police Defendants and Dollar Tree Defendants then worked together to humiliate Mr. Coleman in front of his entire family by falsely arresting him and fabricating allegations that Defendant Etseyotse personally observed Mr. Coleman bypass the store cash registers and attempt to leave the store without paying for items from Dollar Tree.

26.     Mr. Coleman's partner and grandchildren were in tears as they watched Police Defendants and Dollar Tree Defendants acting in concert and working and conspiring together to allow Dollar Tree Defendants to steal the Christmas merchandise Mr. Coleman had just purchased and falsely arrest Mr. Coleman. Mr. Coleman and his family informed them that the confiscated merchandise still had tags from other stores and produced matching receipts from the other stores. Dollar Tree Defendants then confiscated the receipts but continued with their theft and false arrest.

27.     Mr. Coleman was additionally humiliated as his partner and their grandchildren watched in horror as Police Defendants, still acting in concert and working and conspiring with Dollar Tree Defendants, handcuffed him with unnecessary tightness behind his back. While the false arrest was underway, Police Defendants witnessed and remained silent as Dollar Tree Defendants instructed Mr. Coleman that they were placing him under a lifetime ban. Dollar Tree Defendants threatened him that they have many franchises and retail stores, and that if Mr. Coleman were to enter inside any of them in the future he would be arrested by Dollar Tree employees on the spot for being in violation of store policy and immediately go to jail.

28.     Police Defendants then escorted Mr. Coleman out of the security office through the store and out onto the street in full view of the public, and placed him in the back of a police car and drove off with him leaving his partner and family devastated and alone.

29.     At the precinct defendant police officers then confiscated Mr. Coleman's personal property including his money, phone, ID card, wallet, gold chain with medallion, and leather vest. Defendant police officers refused to provide a voucher; they returned his money and kept everything else.

30.     At the precinct Mr. Coleman was denied food, drink, and phone calls. He spent hours handcuffed so tightly behind his back that it caused him needless pain and suffering, including that he was handcuffed to a metal chair, and was held approximately 24 hours before he was released upon arraignment.

31.     At the precinct Mr. Coleman was denied proper medical treatment as Mr. Coleman informed defendant police officers that he was on medication without which he would suffer physical pain. Defendant

police officers denied his requests and/or delayed his treatment and informed him that medical treatment would cause delays for them in processing his arrest. As a result Mr. Coleman suffered nausea, vomiting, and additional pain and suffering.

32. Defendants caused Mr. Coleman considerable additional mental anguish, as he had to appear in Court multiple times before all charges were dismissed.

33. Due to this incident Mr. Coleman suffered post-traumatic stress syndrome, has seen a therapist; and has been prescribed medications to mitigate extreme anxiety and depression caused by this incident.

34. Dollar Tree Defendants, as described above and throughout, acted under color of law to falsely accuse plaintiff of theft, to unlawfully detain and arrest plaintiff; to steal plaintiff's property, to fabricate evidence and criminal allegations against plaintiff; and to convince, conspire with and direct Police Defendants to falsely arrest plaintiff when Police Defendants would have otherwise not placed plaintiff under arrest, to the degree that they are liable under the law as enumerated in full herein.

35. Plaintiff maintains that not only should he have never been arrested, but that defendants treated him and his family as if he and they were less than human, for no legitimate purpose, and his arrest was committed without legal process or probable cause and defendants acted maliciously and intentionally.

## **FIRST CAUSE OF ACTION**
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

36. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

37. All defendants conspired together and acted under color of law to subject plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause; this includes but is not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest plaintiff.

38.     Thus, all defendants have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

39.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

40.     Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

41.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

42.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

43.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

44.     Defendant CITY OF NEW YORK has damaged Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

45.     Defendants subjected Plaintiff to false arrest and false imprisonment, cruel and unusual punishment, unlawful conditions of confinement, negligence, denial of proper medical care, defamation, libel and slander, and all bad actions listed above.

46.     Separate and apart from any bad acts, defendant CITY OF NEW YORK has damaged plaintiffs by its failure to adequately supervise and train its employees, agents or servants in the administration, supervision, and treatment of plaintiff's medical needs. Defendants knew or should have known how to provide medical

aid for plaintiff, whether personally or by a standard procedure for ensuring that plaintiff received medical aid.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

47.  Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

48.  All defendants conspired together and acted under color of law to illegally arrest plaintiff subjecting him to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, without probable cause; this includes but is not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest plaintiff.

49.  As a result of the foregoing, plaintiff has been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

50.  Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

51.  All defendants conspired together and acted under color of law to illegally arrest Plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause; this includes but is not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest plaintiff.

52.     As a result of the foregoing, Plaintiff has been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff's rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

**FIFTH CAUSE OF ACTION**
(DUE PROCESS VIOLATION)
(EXCESSIVE FORCE)

53.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

54.     All defendants conspired together and acted under color of law to unnecessarily and wantonly inflict pain on plaintiff maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, falsely accused plaintiff, exhibited signs of racial profiling and racial animosity, built up his fear and anxiety without cause or justification, subjected plaintiff to unnecessary pain and suffering, subjected plaintiff to the fear of physical violence while in custody, kept him handcuffed, denied and/or delayed medical treatment, and stole his personal property; this includes but is not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest plaintiff.

55.     As a result of the foregoing, defendants intentionally put plaintiff in fear and fright of imminent physical harm and plaintiff suffered pain unnecessarily.

**SIXTH CAUSE OF ACTION**
(MALICIOUS PROSECUTION)

56.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

57.     All defendants conspired together and acted under color of law to cause a false accusatory instrument to be filed against Plaintiff, including but not limited to Dollar Tree Defendants playing an active role in the prosecution by giving advice and encouragement or importuning the authorities to act; this includes but is

not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest and maliciously prosecute plaintiff.

58.     The criminal instrument was dismissed and the criminal proceedings favorably terminated.

59.     Defendants have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

**SEVENTH CAUSE OF ACTION**
(DUE PROCESS VIOLATION)
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

60.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

61.     This Cause of Action relates to Defendant City of New York and Defendant Police Officers ("City Defendants").

62.     Plaintiff was denied food, water, and phone calls at the precinct.

63.     Plaintiff suffered from the lack of food and water and City Defendants did not care about him or his welfare.

64.     While cases involving the use and tightness of handcuffs are often subject to scrutiny, here City Defendants unnecessarily and without justification or cause caused plaintiff's handcuffs to be overly tightened and also unnecessarily and without justification or cause kept plaintiff handcuffed at the precinct despite the fact that the normal and ordinary arrest procedure includes uncuffing plaintiff once lodged at the precinct. Here, City Defendants knew the handcuffs were unnecessary; their only purpose was to harm and increase the harm to plaintiff, evidenced by the fact that they used them in conjunction with the theft of plaintiff's personal property.

65.     As a result of City Defendants' conduct, plaintiff suffered both physical and physiological injuries.

66. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested.

67. Plaintiff was also denied proper and timely medical treatment for no legitimate reason. Plaintiff informed City Defendants of his condition, informed them of his required medication and that he would suffer without it, and was denied proper and timely treatment. There was no legitimate reason for City Defendants to deny treatment in a proper and timely fashion.

68. Plaintiff was denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination by City Defendants.

### EIGHTH CAUSE OF ACTION
(DENIAL of a FAIR TRIAL)

69. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

70. All defendants conspired together and acted under color of law to make misrepresentations about plaintiff to prosecutors, thereby depriving plaintiff of liberty because he was required to appear in court after the misrepresentations were made; this includes but is not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest and maliciously prosecute plaintiff and deny him a fair trial.

71. Thus defendants are liable to plaintiff under the Sixth Amendment for denying a fair trial.

72. As a result, plaintiff suffered the injuries as set forth within this complaint.

### NINTH CAUSE OF ACTION
(CRUEL and UNUSUAL PUNISHMENT)

73. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

74. All defendants conspired together and acted under color of law to cause plaintiff's physical condition to suffer as a result of their actions and conduct, and plaintiff unnecessarily suffered cruel and unusual punishment; this includes but is not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal

12

allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest and maliciously prosecute plaintiff and deny him a fair trial.

**TENTH and ELEVENTH CAUSES OF ACTION**
(CONSPIRACY 42 U.S.C. SECTIONS 1983, 1985)

75.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

76.     The individual defendants named herein, acting under color of law in the scope of their employment and authority and in concert with one another, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, intimidate and assault plaintiff, as above described, to deny him his rights to the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including but not limited to the rights to be free from unlawful arrest, seizure, cruel and unusual punishment, and unreasonable and excessive force; this includes but is not limited to Dollar Tree Defendants, as described above and throughout, acting under color of law, detaining and arresting plaintiff; stealing plaintiff's property, fabricating criminal allegations against plaintiff; conspiring with and directing Police Defendants to falsely arrest and maliciously prosecute plaintiff and deny him a fair trial.

77.     The individual defendants named herein, acting under color of law in the scope of their employment and authority and in concert with one another, conspired with each other to undertake a course of conduct to intentionally, maliciously, and with deliberate indifference to human life and/or to the life, safety, health, and/or well being of plaintiff, cause plaintiff to suffer and sustain serious physical, physiological, and psychological injuries, as described above; and/or to thereafter unlawfully deny medical care and treatment, to deny timely access to an outside medical care facility, and to therefore exacerbate and increase pain and suffering.

78.     The foregoing occurred without cause or justification in violation of plaintiff's Constitutional rights including but not limited to due process, freedom from cruel and unusual punishment and excessive and unreasonable force and unlawful seizure of persons.

79.     Defendants breached their duty to plaintiff.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B.  Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C.  Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 14 JUNE 2019
       New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff