USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN COLEMAN,

       Plaintiff,

   v.

CITY OF NEW YORK, *et al.*,

       Defendants.

No. 18-CV-11819 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

  Plaintiff Brian Coleman brings this action against alleging unlawful search and seizure, false arrest, and illegal imprisonment in violation of the United States Constitution and the New York State Constitution. For the reasons that follow, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

  Plaintiff filed the complaint in this action on December 17, 2018. Dkt. 1. The case was subsequently referred to mediation, which proved unsuccessful in resolving any issue in the case. Dkt. 26. On January 8, 2020, the Court granted the parties' request to extend the time to complete fact discovery by seven weeks, until April 30, 2020. Dkt. 40. On March 18, 2020, the Court granted the parties' subsequent request to stay this action in light of the COVID-19 pandemic. That stay was ultimately lifted on December 28, 2020. Dkt. 52.

  On March 18, 2021, the parties reported to the Court that they had reached a settlement agreement in this matter, after which the Court adjourned *sine die* all conferences and deadlines. Dkt, 60. On April 19, 2021, Defendants informed the Court that Plaintiff had not yet received the settlement paperwork, although they had mailed it to him two weeks prior. Dkt. 61. On June 17,

2021, Defendants reported that "they had still not received the executed paperwork from Plaintiff," nor "received any correspondence of communication from Plaintiff since April 2021." Dkt. 63. The following day, the Court ordered Plaintiff to respond with a status update by July 18, 2021 and warned him that failure to do so may result in dismissal for failure to prosecute.  Dkt. 64.  On July 23, 2021, having received no response from Plaintiff, the Court directed him to respond to the Court's order by August 20, 2021, and issued the following warning in bolded language: "**If he fails to provide the letter as ordered, the Court will dismiss this action for failure to prosecute pursuant to Rule 41(b)**." Dkt. 65.

Plaintiff has not responded to that order.  He has thus failed to comply with the Court's Orders for approximately two and a half months.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive." *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by

which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not communicated with the Court in the approximately two and a half months that this case has been pending. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where the plaintiff had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"). Second, Plaintiff was on notice that his failure to comply may result in dismissal: the Court's June 18, 2021 Order explicitly warned that this action may be dismissed if he failed to respond, Dkt. 64, as did the July 23, 2021 Order, Dkt. 65.; *see also Mitchell*, 708 F.3d at 468 (affirming district court's dismissal of an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, this case has been pending for nearly three years, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Any prejudice to Defendants has been minor: this case is at an early stage, and based on the record, it does not appear that Defendant has had any substantive involvement in the case. *See LeSane*, 239 F.3d at 210 ("[T]here is no

3

evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself."). Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's Orders. *See, e.g., Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   September 9, 2021
         New York, New York

Ronnie Abrams
United States District Judge